IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CHARLES T. WILSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION No:2:07cv560-MHT |
| | ) |
| **STATE OF ALABAMA PERSONNEL** | ) DEMAND FOR JURY TRIAL |
| **DEPARTMENT and its Director,** | ) |
| **Jackie Graham; STATE OF ALABAMA** | ) |
| **DEPARTMENT OF HUMAN SERVICES** | ) |
| **and its Commissioner, Page B. Walley**, | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**FIRST AMENDED COMPLAINT**

The Plaintiff, Charles T. Wilson, pursuant to this Court's Order [Doc.5] hereby amends and restates his Complaint against the Defendants, as follows:

I.   **JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201 and 2202, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1983. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §1981, and 42 U.S.C. §1983. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000e et seq., 42 U.S.C. §§1981 and 1983, and the "Civil Rights Act of 1991" providing for

injunctive and other relief against race discrimination.

2. The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. §2000e, et. seq., 42 U.S.C. §1981, and 42 U.S.C. §1983.

## II.  PARTIES

3. Plaintiff, Charles T. Wilson, is an African-American citizen of the United States and a resident of the State of Alabama.

4. Defendant, State of Alabama Personnel Department and its Director, Jackie Graham, in her official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The defendant employs at least fifteen (15) persons.

5. Defendant, State of Alabama Department of Human Services ("the Department"), and its Commissioner, Page B. Walley in his official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant employs at least fifteen (15) persons.

## III.  FACTUAL ALLEGATIONS

6. Plaintiff graduated from Alabama State University in 1972.

7. Plaintiff began working for the Alabama Department of Human Services on November 14, 1973, as a Social Worker I.

8. On or about May 26, 1982, the plaintiff was reclassified as a Social Worker II.

9. On June 6, 1987, the plaintiff received a raise to Pay Range 63, Paystep 18.

10. During the course of his employment the plaintiff was evaluated on his job performance.

11. For the period covered April 1, 1992 to April 1, 1993, the plaintiff was evaluated as "Meets Standards."

12. On May 1, 1993, the Department of Human Services implemented a new classification system.

13. On information and belief the State of Alabama Personnel Department was involved in devising and implementing the new classification system.

14. Plaintiff was reclassified from Social Worker II to Service Social Worker I on May 1, 1993, but retained the same rate of pay, Pay Range 63, Paystep 18.

15. On information and belief others who had been classified as Social Worker II employees were reclassified as Service Social Worker II.

16. On May 21, 1993, a memo from Waldo A. Spencer was sent to Erin Snowden stating that most people affected by the "pay and class" classification system which had been implemented who had been at step 18 for a year or longer will receive a 2 step increase.

17. However, the May 21, 1993 memo also stated that Charles Wilson would receive no change in his pay range though he had been at step 18 for nearly six years.

18. Nancy L. Green, white, who was employed by the Department on September 24, 1975, was reclassified from Social Worker II, job Code 50202, to Service Social Worker II, Job Code 50219 on May 1, 1993.

19. Nancy L. Green, immediately before May 1, 1993, had been in Pay Range 63, Paystep 18.

20. On May 1, 1993, when Nancy L. Green was reclassified to Service Social Worker II, Job Code 50219, she was moved from Pay Range 63, Paystep 18 to Pay Range 67, Paystep 14, the same rate of pay she previously had been earning, and then received a two step raise.

21. Thus, after May 1, 1993, Nancy L. Green, who previously held the same job title as the plaintiff and had made the same rate of pay as the plaintiff, had received a raise which the plaintiff did not receive.

22. Sandra L. Green, white, who was employed by the Department on September 20, 1972, was reclassified from Social Worker II, job Code 50202, to Service Social Worker II, Job Code 50219 on May 1, 1993.

23. On May 1, 1993, when Sandra L. Green was reclassified to Service Social Worker II, Job Code 50219, she was moved from Pay Range 63, Paystep 18 to Pay Range 67, Paystep 14, the same rate of pay she previously had been earning, and then received a two step raise.

24. Thus, after May 1, 1993, Sandra L. Green, who previously held the same job title as the plaintiff and had made the same rate of pay as the plaintiff, had received a raise which the plaintiff did not receive.

25. Plaintiff sought to have his job correctly reclassified from Social Worker II, Job Code 50202, to Service Social Worker II, Job Code 50219.

26. On June 8, 1993, Waldo A. Spencer, Director Personnel Division of DHR, wrote to the plaintiff that he could submit the form 40 through the department.

27. On November 8, 1993, plaintiff called Sylvester Smith, Director Civil Rights/Equal Employment about the problem with his reclassification.

28. On April 26, 1994, June Ledbetter, Service Supervisor II, wrote to Barbara Lemley, Director Administrative Support, State Department of Human Resources, requesting that plaintiff's job classification be changed to conform with his duties.

29. Plaintiff was not reclassified nor was his pay rate corrected.

30. On July 23, 1994, plaintiff filed an EEOC charge.

31. Subsequently, on January 11, 1995, Waldo Spencer wrote Dr. John Hicks requesting that the plaintiff's classification be changed from Service Social Worker I to Service Social Worker II effective May 1, 1993.

32. The request was approved by Dr. Hicks.

33. Plaintiff, however, did not receive a retroactive two step pay increase as had been paid to whites.

34. Plaintiff also did not receive the difference in pay between what he had been paid and what the whites had been paid who received the two step pay increase.

35. The actions of the Department of Human Services and its Commissioner, in failing to reclassify the plaintiff as a Service Social Worker II and paying him the same rate of pay as was paid to Green were racially discriminatory.

36. The actions of the State Personnel Department and its Director, including plaintiff's initial reclassification and failure to correct the classification also were racially discriminatory.

37. Due to the Defendants' discriminatory conduct, plaintiff has been caused to suffer severe emotional distress, embarrassment and humiliation.

## IV. CAUSES OF ACTION

### COUNT I

### RACE DISCRIMINATION IN JOB CLASSIFICATION, PAY, AND TERMS AND CONDITIONS PURSUANT TO 42 U.S.C. § 1981, BY AND THROUGH 42 U.S.C. § 1983 AGAINST THE STATE OF ALABAMA DEPARTMENT OF HUMAN SERVICES AND ITS COMMISSIONER, PAGE B. WALLEY

38. Plaintiff re-alleges and incorporates by reference paragraphs 1-37 with the same force and effect as if fully set out in specific detail hereinbelow.

39. This claim is brought against the Defendant Alabama Department of Human Services and its Commissioner, Page B. Walley, in his official capacity.

40. Plaintiff was incorrectly reclassified from Social Worker II to Service Social Worker I while white employees who had been classified as Social Worker II were reclassified as Service Social Worker II.

41. Plaintiff was performing the duties of a Service Social Worker II that white employees performed, but not paid on the same basis.

42. The plaintiff was discriminated against, because of his race in violation of 42 U.S.C.

§ 1981, by and through 42 U.S.C. § 1983, in compensation, classification, and in his terms, conditions, and privileges of employment.

43. As a consequence, plaintiff did not receive a raise in pay as did white employees, lost wages, was damaged and suffered severe emotional distress, embarrassment and humiliation.

44. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunction and declaratory judgment, is his only means of securing adequate relief.

45. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendants unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II

### RACE DISCRIMINATION IN JOB CLASSIFICATION, PAY, AND TERMS AND CONDITIONS PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000(e) et seq. AGAINST THE STATE OF ALABAMA DEPARTMENT OF HUMAN SERVICES.

46. The plaintiff re-alleges and incorporates by reference paragraphs 1-45 with the same force and effect as if fully set out in specific detail hereinbelow.

47. This claim is brought against the Defendant Alabama Department of Human Services.

48. The plaintiff was discriminated against, because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq., in compensation, classification and in his terms, conditions,

and privileges of employment.

49. As a consequence, plaintiff did not receive a raise in pay as did white employees, lost wages, was damaged and suffered severe emotional distress, embarrassment and humiliation.

50. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment, is his only means of securing adequate relief.

51. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendants unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT III

### RACE DISCRIMINATION IN PROMOTIONS PURSUANT TO 42 U.S.C. § 1981, BY AND THROUGH 42 U.S.C. § 1983, AGAINST THE STATE OF ALABAMA PERSONNEL DEPARTMENT AND ITS DIRECTOR, JACKIE GRAHAM

52. Plaintiff re-alleges and incorporates by reference paragraphs 1-51 with the same force and effect as if fully set out in specific detail hereinbelow.

53. This claim is brought against the Defendant State of Alabama Personnel Department and its Director, Jackie Graham, in her official capacity.

54. The plaintiff was performing the job duties of a Service Social Worker II, but was reclassified as a Social Service Worker I.

55. On information and belief the State of Alabama Personnel Department devised the reclassification and administered it.

56. Plaintiff was performing the duties of a Service Social Worker II that white employees performed, but not paid on the same basis.

57. The plaintiff was discriminated against, because of his race in violation of 42 U.S.C. § 1981, by and through 42 U.S.C. § 1983, in compensation, classification and in his terms, conditions, and privileges of employment.

58. As a consequence, plaintiff did not receive a raise in pay as did white employees, lost wages, was damaged and suffered severe emotional distress, embarrassment and humiliation.

59. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunction and declaratory judgment, is his only means of securing adequate relief.

60. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendants unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT IV

### RACE DISCRIMINATION IN PROMOTIONS PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000(e) et seq. AGAINST THE STATE OF ALABAMA PERSONNEL DEPARTMENT

61. The plaintiff re-alleges and incorporates by reference paragraphs 1-60 with the same force and effect as if fully set out in specific detail hereinbelow.

62. This claim is brought against the defendant State of Alabama Personnel Department.

63. The plaintiff was discriminated against, because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42

   U.S.C. § 2000e et seq., in compensation, classification and in his terms, conditions, and privileges of employment.

64. As a consequence, plaintiff did not receive a raise in pay as did white employees, lost wages, was damaged and suffered severe emotional distress, embarrassment and humiliation.

65. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment, is his only means of securing adequate relief.

66. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendants unlawful policies and practices as set forth herein unless enjoined by this Court.

## V.  PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

67. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are violative of the rights of the plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983.

68. Grant plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' request from continuing to violate Title VII of the Act of Congress

      known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983.

69. Enter an order requiring the defendants to make the plaintiff whole by awarding him the position(s) he would have had occupied in the absence of race discrimination, back-pay (plus interest), punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

70. Award the plaintiff such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

                              Respectfully submitted,

                              /s/ Richard J. Ebbinghouse
                              Richard J. Ebbinghouse
                              Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500

                      **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties, and I hereby certify that, to the best of my knowledge and belief, there are no non-CM/ECF participants to whom the foregoing is due to be mailed by way of the United States Postal Service.

                                                /s/ Richard J. Ebbinghouse
                                                Richard J. Ebbinghouse
                                                Of Counsel