IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES WILSON, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **CIVIL ACTION NO.:** |
| v. | ) | **2:07-CV-560-MHT** |
| | ) | |
| DEPARTMENT OF | ) | |
| HUMAN RESOURCES, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

## ANSWER

**COMES NOW,** Defendants the Alabama Department of Human Resources ("DHR") and its Commissioner, Page B. Walley ("Walley"), and the State of Alabama Personnel Department ("SPD") and its Director, Jackie Graham ("Graham")(collectively herein "Defendants") and Answers Plaintiff's First Amended Complaint as follows:

1. This paragraph requires neither an admission nor a denial.

2. Defendant denies that Plaintiff has fulfilled all conditions precedent to the institution of this action.

### II. Parties

3. Upon information and belief, Defendant admits this paragraph.

4. Paragraph 4 calls for a legal conclusion.

5. Paragraph 5 calls for a legal conclusion.

### III. Factual Allegations

6. Upon information and belief, Defendants admit the allegation contained in paragraph six.

7. Defendants admit Plaintiff began working for the Alabama Department of Pensions and Security, later renamed the Alabama Department of Human Resources, on or about November 14, 1973 as a Social Worker I.

8. Defendants admit the allegation contained in paragraph eight.

9. Defendants admit Plaintiff received a two step pay raise in 1987. Defendants are without sufficient information to admit or deny the remaining allegations and therefore deny the same.

10. Defendants admit the allegations in paragraph ten.

11. Defendants admit Plaintiff received an overall rating of "meets standards" on his annual evaluation for the period of April 1, 1992 through April 1, 1993.

12. Defendants admit that on May 1, 1993, the Department of Human Resources implemented a new Pay and Classification Plan. Defendants deny all other allegations in paragraph twelve.

13. Defendants deny that the new classification system was devised by the State Personnel Department. A proposal by DHR, developed by outside professional consultants, was adopted by the State Personnel Board.

14.  Defendants admit the allegations of paragraph fourteen.

15.  Defendants admit that there were other Social Worker II employees who were reclassified as Service Social Worker IIs.

16.  Defendants admit Waldo A. Spencer authored a memorandum to Erin Snowden on May 21, 1993.  Defendants deny the allegation to the extent it implies that all employees, or plaintiff, would receive an increase.  Defendants further deny the allegation to the extent it implies the memorandum does not provide specific instances where employees would not receive an increase.

17.  Defendants admit that Plaintiff did not receive a change in pay grade.

18.  Defendants admit the allegations in paragraph eighteen.

19.  Defendants admit the allegations in paragraph nineteen.

20.  Defendants admit the allegations in paragraph twenty.

21.  Defendants admit the allegations in paragraph twenty-one.

22.  Defendants admit the allegations in paragraph twenty-two.

23.  Defendants admit the allegations in paragraph twenty-three.

24.  Defendants admit the allegations in paragraph twenty-four.

25.  Defendants deny the allegations in paragraph twenty-five.

26.  Defendants admit Waldo Spencer wrote Plaintiff on June 8, 1993, that Plaintiff could submit a current Form 40 (position description) through the management of Plaintiff's department.

27. Defendants are without sufficient information to admit or deny the allegations contained in paragraph twenty-seven and therefore deny the same.

28. Defendants deny the allegations in paragraph twenty-eight.

29. Defendants deny the allegations in paragraph twenty-nine.

30. Defendants deny the allegations in paragraph thirty.

31. Defendants admit the allegations in paragraph thirty-one.

32. Defendants admit the allegations in paragraph thirty-two.

33. Defendants admit that Plaintiff did not receive a pay increase. Defendants deny the remaining allegations contained in paragraph thirty-three, specifically to the extent they imply any employment action was the result of discrimination.

34. Defendants admit plaintiff did not receive any additional pay. Defendants deny the remaining allegations contained in paragraph thirty-four, specifically to the extent they imply any employment action was the result of discrimination.

35. Defendants deny the allegations in paragraph thirty-five.

36. Defendants deny the allegations in paragraph thirty-six.

37. Defendants deny the allegations in paragraph thirty-seven.

## IV.    CAUSES OF ACTION

### COUNT I

38.  Defendants incorporate and re-allege by reference their responses in paragraphs 1-37 as if set forth fully herein.

39.  This paragraph requires neither an admission nor a denial.

40.  Defendants deny that Plaintiff was incorrectly classified and that any classification was for a discriminatory reason.

41.  Defendants deny the allegations in paragraph forty-one.

42. Deny that Plaintiff was discriminated against based on his race in violation of 42 U.S.C. § 1981 and/or 42 U.S.C § 1983, in any way, specifically with respect to his compensation, classification and in his terms, conditions and privileges of employment.

43. Defendants deny the allegations in paragraph forty-three and specifically deny any employment action relating to Plaintiff was discriminatory and that plaintiff suffered any damages, emotional distress, embarrassment or humiliation.

44.  Defendants deny the allegations in paragraph forty-four.

45.  Defendants deny the allegation in paragraph forty-five.

## COUNT II

46.  Defendants incorporate and re-allege by reference its responses in paragraphs 1-45 as if set forth fully herein.

47.  This paragraph requires neither an admission nor a denial.

48. Defendants deny Plaintiff was discriminated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

49. Defendants deny the allegations in paragraph forty-nine, specifically that any employment action relating to Plaintiff was discriminatory and that Plaintiff has suffered damages, emotional distress, embarrassment or humiliation.

50. Defendants deny the allegations in paragraph fifty.

51. Defendants deny the allegations in paragraph fifty-one.

## COUNT III

52. Defendants incorporate and re-allege by reference their responses in paragraphs 1-51 as if set forth fully herein.

53. Defendants deny the allegations in paragraph fifty-three of the complaint.

54. Defendants deny that the State Personnel Department was aware that Plaintiff was performing any job other than that for which he was classified.

55. Defendants deny the allegations in paragraph fifty-five.

56. Defendants deny the allegations contained in paragraph fifty-six.

57. Defendants deny the allegations contained in paragraph fifty-seven.

58. Defendants deny the allegations contained in paragraph fifty-eight.

59. Defendants deny the allegations contained in paragraph fifty-nine.

60. Defendants deny the allegations contained in paragraph sixty.

## COUNT IV

61. Defendants incorporate and re-allege by reference their responses in paragraphs 1-60 as if set forth fully herein.

62. Defendants admit the allegations in paragraph sixty-two of the complaint, but deny that the State Personnel Department is the Plaintiff's employer.

63. Defendants deny the allegations contained in paragraph sixty-three.

64. Defendants deny the allegations contained in paragraph sixty-four.

65. Defendants deny the allegations contained in paragraph sixty-five.

66. Defendants deny the allegations contained in paragraph sixty-six.

## V.    PRAYER FOR RELIEF

WHEREFORE, Defendants deny Plaintiff is entitled to any relief from this action and specifically:

67. Defendants deny Plaintiff is entitled to the relief requested in paragraph sixty-seven.

68. Defendants deny Plaintiff is entitled to the relief requested in paragraph sixty-eight.

69. Defendants deny Plaintiff is entitled to the relief requested in paragraph sixty-nine.

70. Defendants deny Plaintiff is entitled to the relief requested in paragraph seventy.

## **DEFENSES**

1.    Plaintiff has failed to exhaust available administrative remedies and/or to satisfy all necessary jurisdictional prerequisites to the filing of this suit.

2.    Defendants' actions toward Plaintiff were taken for legitimate, nondiscriminatory and non-retaliatory reasons and in good faith and without regard to his race, sex or her having engaged in protected activity.

3.    Defendants are not liable for the actions of its agents, servants or employees committed outside the scope of their employment.

4.     Defendants may not be held liable for punitive damages as Defendant has undertaken a good faith effort to comply with Title VII and related state and federal laws and has never acted with malice or with reckless indifference to federally protected or related personal/civil rights.  *See Kolstad v. American Dental Ass'n*, 119 S.Ct. 2118, 2128-29 (1999).

5.    Plaintiff has failed and neglected to use reasonable means to protect himself from loss and to minimize or mitigate the alleged losses and damages complained of in his complaint.

6.    All employment decisions with regard to Plaintiff were based on legitimate, non-discriminatory and non-retaliatory reasons.

7.    Defendants deny they were motivated by any unlawful animus when they took employment actions with regard to Plaintiff. Defendants assert, however, that they would have made the same employment decision(s) irrespective of any unlawful motive. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775 (1989).

8.    Defendants aver that Plaintiff's claims are barred by the applicable statute of limitations, statute of frauds, res judicata, collateral estoppel, laches, waiver, release and/or estoppel, and/or are untimely.

9.    Plaintiff is judicially estopped from demanding a trial by jury or from seeking compensatory and/or punitive damages.

10.    Plaintiff's demand for trial by jury and his claim for compensatory and/or punitive damages are inconsistent with his position as an intervenor and/or representative of the putative class in the related litigation of *In re: Employment Discrimination Litigation Against the State of Alabama*, Civil Action No. 94-T-356-N. Therefore, Plaintiff is estopped from demanding a trial by jury and from asserting claims for compensatory and/or punitive damages.

11.    Plaintiff's claims for compensatory and punitive damages as well as his demand for a trial by jury are barred by the law of the case in the related litigation of *In re: Employment Discrimination Litigation Against the State of Alabama*, Civil Action No. 94-T-356-N.

12.     Plaintiff has previously denied making any claims of retaliation against the Defendants and is now barred from asserting claims previously waived.

13.     The State Personnel Department is not the Plaintiff's employer and is not a proper defendant under Title VII.

14.     The State Personnel Department is not a proper defendant under 42 U.S.C. § 1981 or § 1983 as it is a state agency and entitled to Eleventh Amendment immunity.

15.     The State of Alabama Department of Human Resources is not a proper defendant under 42 U.S.C. § 1981 or § 1983 as it is a state agency and entitled to Eleventh Amendment immunity.

16.     Punitive damages are not available against a governmental entity under Title VII.

17.     Plaintiff cannot assert a request for jury trial at this stage of the proceedings without the agreement of all parties.  Defendants do not so agree.

18.     Plaintiff is prohibited from seeking any claims for damages after having previously waived such claims.

19.     Defendant Walley has absolute immunity in his official capacity under the Eleventh Amendment for any damage claims.

20.     Defendant Graham has absolute immunity in her official capacity under the Eleventh Amendment for any damage claims.

21.     Defendant Walley has qualified immunity to the extent any claims are attempted to be asserted against him in any individual capacity.

22.     Defendant Graham has qualified immunity to the extent any claims are attempted to be asserted against her in any individual capacity.

23.     Defendant Graham is not a proper defendant under Title VII as the employer is the proper defendant, not the individual.  As stated above, the State Personnel Department is not the Plaintiff's employer.

24.     Retaliation claims have never been raised or pled and prior to this case and are therefore barred.

25.     Defendants are not liable for any actions taken after Plaintiff engaged in any activity, of which Defendants were unaware, which would prompt any actions which could be considered retaliatory.  A decision maker cannot have been motivated to retaliate by something unknown to him. *Strickland v. Water Works* 239 F.3d 1199 (11th Cir. 2001);  *Brungart v. BellSouth*, 231 F.3d 791 (11th Cir. 2000).

26.     Plaintiff requests an award of back pay against the individuals in their official capacities under 42 U.S.C. § 1983.  An award of back pay is damages under 42 U.S.C. § 1983 and is thus barred under the Eleventh Amendment.

27.     Other African-American employees who were at the top of their pay grade as a Social Worker II and who were reclassified as Service Social Worker IIs

were given a 2-step increase upon reclassification.  Therefore, the failure of the Plaintiff to receive an increase was not based upon race.

28.    Defendant reserves the right to amend this answer or affirmative defenses based on discovery of additional information.

Respectfully submitted,

*/s/ Abigail H. Avery*
Warren B. Lightfoot, Jr.
John B. Holmes, III
Abigail H. Avery
Attorneys for the Defendants
Department of Human Resources, and
Page B. Walley, Commissioner

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-4604
Telephone:  (205) 254-1000
Facsimile:  (205) 254-1999
Email:      wlightfoot@maynardcooper.com
            jholmes@maynardcooper.com
            aavery@maynardcooper.com

Sharon E. Ficquette
DEPARTMENT OF HUMAN RESOURCES
Legal Office
P.O. Box 304000
Montgomery, Alabama 36130-4000
Telephone:  (334) 242-9330

*/s/ Alice Ann Byrne*
Alice Ann Byrne
Attorney for the Defendants
State Personnel Department and
Jackie Graham, Director of State
Personnel Board

STATE PERSONNEL DEPARTMENT
Folsom Administrative Building
64 North Union Street ~ Suite 316
Montgomery, Alabama 36130
Telephone:  (334) 242-3451
Facsimile:  (334) 353-4481
Email:       aliceann.byrne@personnel.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November, 2007, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

For the Plaintiff:

Richard J. Ebbinghouse, Esq.
Russell W. Adams, Esq.
Rocco Calamusa, Jr., Esq.
WIGGINS CHILDS QUINN & PANTAZIS, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203-3204

*/s/ Abigail H. Avery*
Of Counsel