IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:07cv560-MHT |
| | ) | (WO) |
| ALABAMA DEPARTMENT OF | ) | |
| HUMAN RESOURCES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on plaintiff Charles Wilson's motion to conduct additional discovery, pursuant to Fed. R. Civ. P. 56(f). For the following reasons, Wilson's motion will be denied.

This case arises from Charles Wilson's suit alleging employment discrimination against the Alabama Department of Human Resources (DHR) and its Commissioner Nancy Buckner, as well as against the Alabama Personnel Department (SPD) and its Director Jackie Graham. Wilson claims that the defendants engaged in racial discrimination in the course of implementing his

reclassification, in violation of 42 U.S.C. § 1981 (by and through 42 U.S.C. § 1983) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e to 2000e-17.

At issue here is Wilson's motion for leave to conduct additional discovery, pursuant to Fed. R. Civ. P. 56(f). The defendants contend that Wilson's exhibits, submitted in support of his opposition to the defendants' motions for summary judgment, are improperly authenticated, constitute inadmissible hearsay, and are privileged and confidential. Wilson requests that he be allowed to take additional depositions in order to sustain the admissibility of these exhibits. Specifically, he asks to depose Sylvester Smith, Director of the DHR Civil Rights/Equal Employment Office, Sharon Ficquette, General Counsel in the Legal Office of the DHR, and Mike Galloway, the custodian of records for the DHR and SPD, in order to obtain evidence controverting the defendants' claims of inadmissibility.

Rule 56(f) of the Fed. R. Civ. P. provides,

> "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."

As required by Fed. R. Civ. P. 56(f), Wilson filed an affidavit in support of his motion. See 10B Wright, Miller & Kane, Federal Practice and Procedure § 2740 (3d ed. 1998) ("Under the rule a party who seeks the protection of subdivision (f) must state by affidavit the reasons why he is unable to present the necessary opposing material."). See also Barfield v. Brierton, 883 F.2d 923, 931 (11th Cir. 1989) ("A party requesting a continuance under this rule must present an affidavit containing specific facts explaining his failure to respond to the adverse party's motion for summary judgment"). In this affidavit, Wilson noted that he was previously unable to obtain Ficquette's testimony, as her declaration was submitted by the defendants after the

3

close of the original discovery period. He also maintains that the testimonies of both Smith and Galloway are necessary to address the defendants' recently raised objections to Wilson's evidentiary submissions. Though Wilson's affidavit was cursory in its request for relief, the court recognizes that "rule 56(f) is infused with a spirit of liberality," <u>Wallace v. Brownell Pontiac-GMC Company Inc.</u>, 703 F.2d 525, 527 (11th Cir. 1983), and the court has the discretion to overlook technical deficiencies if Wilson presents compelling reasons for deposing Sylvester, Ficquette, and Galloway.

However, the court finds that, even presuming the admissibility of Wilson's exhibits, he has failed to show "a genuine issue for trial." Fed. R. Civ. P. 56(e). In other words, the exhibits do not materially augment his allegations of racial discrimination, or make a substantive difference in the analysis of the merits of his suit. Consequently, Wilson's motion to conduct additional discovery pursuant to Fed. R. Civ. P. 56(f) will be denied.

* * *

Accordingly, it is ORDERED that plaintiff Charles Wilson's motion for additional discovery (doc. no. 89) is denied.

DONE, this the 26th day of March, 2010.

                               /s/ Myron H. Thompson
                               UNITED STATES DISTRICT JUDGE